The Honorable Peggy Jeffries State Senator 1122 South Waldron Ft. Smith, Arkansas 72903
Dear Senator Jeffries:
This official Attorney General opinion is issued in response to your recent questions regarding members of the Arkansas Teacher Retirement System (ATRS) staff and board of trustees.
You have presented the following questions:
 (1) Is it legal for an individual and/or firm doing business with the ATRS to offer and/or provide gratuitous services, products and/or activities to members of the ATRS staff and/or members of the ATRS Board of Trustees for their personal use or pleasure?
 (2) Is it legal for members of the ATRS staff and/or members of the ATRS Board of Trustees to accept — for personal use or pleasure — gratuitous services, products and/or activities when provided by individual and/or firms doing business with ATRS?
 (3) Do the provisions of the Arkansas Freedom of Information Act mandate that ATRS officials divulge information when asked to do so by a member of the System or the public concerning the activities described in Questions 1 and 2?
 (4) Would ATRS officials, if asked, be mandated to divulge information concerning which individuals and/or firms made a gratuitous offer or provided gratuitous services?
 (5) Would ATRS officials, if asked, be mandated to divulge information concerning which members of the ATRS staff and/or members of the ATRS Board of Trustees accepted such gratuitous offers and/or services?
 (6) Are ATRS officials mandated by the provisions of the Arkansas Freedom of Information Act to provide answers, at an ATRS Board meeting, to questions concerning the employment, training, attendance and duties of a security officer?
RESPONSE
Question 1 — Is it legal for an individual and/or firm doing businesswith the ATRS to offer and/or provide gratuitous services, productsand/or activities to members of the ATRS staff and/or members of the ATRSBoard of Trustees for their personal use or pleasure?
It is my opinion that it is not per se illegal to offer or provide gratuities to members of the ATRS staff or Board of Trustees; however, it is my opinion that such gratuities may be illegal, depending upon the facts, if offered for the purpose of influencing the recipient in the performance of official duties, or in exchange for something.
Several provisions of Arkansas law address the subject you have raised. All of these provisions appear to predicate the illegality of gratuities upon an intent to improperly influence the recipient of the gratuity.
The provisions of A.C.A. § 19-11-701 et seq. set forth ethical standards for public employees and non-employees (i.e., private entities) in situations involving a contract between a public entity and the non-employee. The general standard of ethical conduct for non-employees in such situations is stated in A.C.A. § 19-11-704(b), as follows:
 (b) GENERAL ETHICAL STANDARDS FOR NONEMPLOYEES. Any effort to influence any public employee to breach the standards of ethical conduct set forth in this subchapter is also a breach of ethical standards.
A.C.A. § 19-11-704(b).
The subchapter goes on to address more specifically the types of activities that are prohibited for both public employees and non-employees. Regarding non-employees, the subchapter states:
 (a) GRATUITIES. It is a breach of ethical standards for any person to offer, give, or agree to give any employee or former employee or for any employee or former employee to solicit, demand, accept, or agree to accept from another person a gratuity or an offer of employment in connection with any decision, approval, disapproval, recommendation, preparation of any part of a purchase request, influencing the content of any specification or procurement standard, rendering of advice, investigation, auditing, or in any other advisory capacity in any proceeding or application, request for ruling, determination, claim, or controversy, or other particular matter, pertaining to any contract or subcontract and any solicitation or proposal therefor.
 (b) KICKBACKS. It is a breach of ethical standards for any payment, gratuity, or offer of employment to be made by or on behalf of a subcontractor under a contract to the prime contractor or higher tier subcontractor, or any person associated therewith, as an inducement for the award of a subcontract or order.
A.C.A. § 19-11-707.
The term "gratuity" is defined in this subchapter as "a payment, loan, subscription, advance, deposit of money, services, or anything of more than nominal value, present or promised, unless consideration of substantially equal or greater value is received." A.C.A. §19-11-701(10).
It should be noted that a violation of the provisions of A.C.A. §19-11-701 et seq. constitutes a felony. A.C.A. § 19-11-702.
The subject that you have raised in Question 1 is also addressed in the provisions of A.C.A. § 21-8-101 et seq., which set forth ethical standards and disclosure requirements for public officials and persons engaged in lobbying activities. (The term "lobbying" is defined as "communicating directly or soliciting others to communicate with any public servant with the purpose of influencing legislative action or administrative action." A.C.A. § 21-8-402(10).) The chapter provides:
 (a) No person shall purposely employ any lobbyist who is required to register as a registered lobbyist but is not registered pursuant to this chapter.
(b) No person engaging in lobbying shall:
 (1) Influence or attempt to influence, by coercion, bribery, or threat of economic sanction, any public servant in the discharge of the duties of his or her office;
 (2) Purposely provide false information to any public servant as to any material fact pertaining to any legislative or administrative action;
 (3) Purposely omit, conceal, or falsify in any manner information required by the registration and lobbyist activity reports.
 (c) Any person convicted for violation of any provision of this subchapter is prohibited from acting as a registered lobbyist for a period of three (3) years from the date of the conviction. Any person violating this three-year ban shall be deemed guilty of a violation of this chapter.
A.C.A. § 21-8-607.
If the gratuities that you have described have been offered for the purpose of influencing the recipients thereof in the performance of their official duties, they could, depending upon the facts, constitute "bribery" and a violation of the above-quoted provision.
Finally, the criminal code specifically designates both compensation for official action and the bribery of public officials as a crime. A.C.A. §5-52-102 states:
 (a) A person commits the offense of unlawful compensation for past official action if he:
 (1) Solicits, accepts, or agrees to accept any benefit as compensation for having, as a public servant, given a decision, opinion, recommendation, or vote favorable to another or for having otherwise exercised his discretion in favor of another; or
 (2) Offers, confers, or agrees to confer any benefit upon a public servant, the receipt of which is prohibited by this section.
 (b) It is not a defense to a prosecution under this section that the decision, opinion, recommendation, vote, or use of discretion, except for the benefit, was otherwise proper.
 (c) Unlawful compensation for past official action is a Class A misdemeanor.
A.C.A. § 5-52-102.
A.C.A. § 5-52-103 states:
(a) A person commits public servant bribery if:
 (1) He offers, confers, or agrees to confer any benefit upon a public servant as consideration for the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public servant; or
 (2) He solicits, accepts, or agrees to accept any benefit, the conferring of which is prohibited by this section.
(b) Public servant bribery is a Class D felony.
A.C.A. § 5-52-103.
All of the above-quoted statutes make the offering or providing of gratuities to public officials illegal if the intent and purpose of the gratuity is to improperly influence the recipient. I must therefore conclude that the offering or providing of a gratuity, in and of itself, is not illegal; rather, it is illegal only if its intent and purpose are illegal. The question of the intent and purpose of any particular gratuity is a question of fact that can only be determined on a case-by-case basis.
Question 2 — Is it legal for members of the ATRS staff and/or members ofthe ATRS Board of Trustees to accept — for personal use or pleasure —gratuitous services, products and/or activities when provided byindividual and/or firms doing business with ATRS?
It is my opinion that the acceptance of gratuities by members of the ATRS staff and/or members of the ATRS Board of Trustees is not per se
illegal; rather, the acceptance of such gratuities is illegal only if the gratuities are accepted for the purpose of realizing personal gain, or in exchange for the recipient's performance of his or her official duties in a particular manner.
Various provisions of Arkansas law address the issue of the acceptance of gratuities by public officials and employees.
As noted in response to Question 1, the statutes governing public contracts set forth a standard of ethical conduct for public employees. A.C.A. § 19-11-704 states:
 (a)(1) GENERAL ETHICAL STANDARDS FOR EMPLOYEES. Any attempt to realize personal gain through public employment by conduct inconsistent with the proper discharge of the employee's duties is a breach of a public trust.
 (2) In order to fulfill this general prescribed standard, employees must also meet the specific standards set forth in 19-11-705, which refers to employee conflict of interest; 19-11-706, which refers to employee disclosure requirements; 19-11-707, which refers to gratuities and kickbacks; 19-11-708, which refers to prohibition against contingent fees; 19-11-709, which refers to restrictions on employment of present and former employees; and 19-11-710, which refers to use of confidential information.
A.C.A. § 19-11-704.
Similarly, the statutes discussed above governing disclosure and lobbying also prohibit the use of public position for personal gain. The provisions of A.C.A. § 21-8-304 state:
 (a) No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law.
A.C.A. § 21-8-304.
The chapter goes on to provide:
No public servant shall:
 (1) Receive a gift or compensation as defined in subchapter 4 of this chapter, other than income and benefits from the governmental body to which he or she is duly entitled, for the performance of the duties and responsibilities of his or her office or position. . . .
A.C.A. § 21-8-801. The term "gift" is defined in subchapter 4 as follows:
 (5)(A) "Gift" means any payment, entertainment, advance, services, or anything of value, unless consideration of equal or greater value has been given therefor.
(B) The term "gift" does not include:
 (i) Informational material such as books, reports, pamphlets, calendars, or periodicals informing a public servant regarding his or her official duties. Payments for travel or reimbursement for any expenses are not informational material;
 (ii) The giving or receiving of food, lodging, or travel which bears a relationship to the public servant's office and when appearing in an official capacity;
 (iii) Gifts which are not used and which, within thirty (30) days after receipt, are returned to the donor;
 (iv) Gifts from an individual's spouse, child, parent, grandparent, grandchild, brother, sister, parent-in-law, brother-in-law, sister-in-law, nephew, niece, aunt, uncle, or first cousin, or the spouse of any of these persons, unless the person is acting as an agent or intermediary for any person not covered by this paragraph;
(v) Campaign contributions;
(vi) Any devise or inheritance;
(vii) Anything with a value of less than one hundred dollars ($100).
A.C.A. § 21-8-402(5).
A later subchapter specifies that the same ethical standard is applicable to state boards and commissions. A.C.A. § 21-8-1002 states:
 No member of a state board or commission shall use or attempt to use his or her official position to secure unwarranted privileges or exemptions for himself or herself or others.
A.C.A. § 21-8-1002.
Finally, three criminal statutes make the use of public office for personal gain against the law. The bribery statute (A.C.A. § 5-52-103) and the compensation for official acts statute (A.C.A. § 5-52-102), discussed in response to Question 1, apply to public servants as well as to persons who attempt to influence public servants. In addition, A.C.A. § 5-52-107
criminalizes the abuse of office. That statute states:
 (a) A person commits the offense of abuse of office if, being a public servant and with the purpose of benefiting in a pecuniary fashion himself or another person or of harming another person, he knowingly commits an unauthorized act which purports to be an act of his office or omits to perform a duty imposed on him by law or clearly inherent in the nature of his office.
(b) Abuse of office is a Class B misdemeanor.
A.C.A. § 5-52-107.
All of the above-quoted statutes could be interpreted to apply to a public servant's acceptance of gratuities, if the public servant accepts the gratuity for the purpose of realizing personal gain, or in exchange for the performance of his or her duties in a particular manner. The question of a public servant's intent in accepting a gratuity is a question of fact that can only be determined on a case-by-case basis.
Question 3 — Do the provisions of the Arkansas Freedom of Information Actmandate that ATRS officials divulge information when asked to do so by amember of the System or the public concerning the activities described inQuestions 1 and 2?
The Arkansas Freedom of Information Act (A.C.A. § 25-19-101 et seq.) requires that all citizens of the State of Arkansas be given access to any document that constitutes a "public record," within the meaning of the Act and that is not exempt from disclosure. See A.C.A. § 25-19-105. The Act also requires that the meetings of the governing bodies of all municipalities, counties, townships, and school districts, and all boards, bureaus, commissions, or organizations of the State of Arkansas (except grand juries) that are supported wholly or in part by public funds or that are expending public funds, be public meetings. See A.C.A. § 25-19-106.
The Act does not require any public official to answer inquiries orally, nor does it require that any particular subject be placed on the agenda of a public meeting.
The information about which you have inquired may or may not constitute public information. (Without a specific knowledge of the information, I am unable to comment on whether it is public information or not.) If the information is, in fact, public in nature, and if it is contained in a document, that document must be made available to any Arkansas citizen who requests it. However, if the document contains other information that is exempt from disclosure (see exemptions set forth in A.C.A. §25-19-105(b)), the custodian of the document may redact the exempt portions of the document before making it available to the public. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992).
It should be noted that ATRS board members and certain ATRS employees may be required to file statements of disclosure of financial interest, pursuant to the provisions of A.C.A. § 21-8-701 and A.C.A. § 21-8-203. Such disclosure statements may reflect the information about which you have inquired.
Question 4 — Would ATRS officials, if asked, be mandated to divulgeinformation concerning which individuals and/or firms made a gratuitousoffer or provided gratuitous services?
See response to Question 3.
Question 5 — Would ATRS officials, if asked, be mandated to divulgeinformation concerning which members of the ATRS staff and/or members ofthe ATRS Board of Trustees accepted such gratuitous offers and/orservices?
See response to Question 3.
Question 6 — Are ATRS official mandated by the provisions of the ArkansasFreedom of Information Act to provide answers, at an ATRS Board meeting,to questions concerning the employment, training, attendance and dutiesof a security officer?
It is my opinion that the Arkansas Freedom of Information Act does not require that public officials provide requested information orally at public meetings. As indicated in response to Question 3, the Act requires that public records be made available to Arkansas citizens and that meetings be held publicly, but the Act does not require that information be made available orally or within the context of a public meeting. It is possible that the information that you have described could be obtained under the provisions of the Act, if such information is contained in a document, if that document is not exempt from disclosure.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh